UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD SEALY,

        Plaintiff,

   v.

AVILA, et al.,

        Defendants.

No. 2:19-cv-1205-JAM-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis, He has also filed a motion for appointment of counsel, a motion for preliminary injunctive relief, and a motion to be transferred.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Motion for Appointment of Counsel</u>

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See*

28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Thus, the court declines to appoint counsel at this time.

## Screening Order

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d 1198.

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a

"Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

Here, plaintiff alleges that various prison officials at California State Prison, Sacramento have violated his rights under the United States Constitution. ECF No. 1. Plaintiff alleges that there is a grievance procedure available to him and that he has filed a grievance concerning the facts relating to his complaint. *Id.* at 4, ¶ 5. He also states that he submitted an appeal to the highest level of review "almost (30) days ago and it hasn't been returned to [him]." CDCR regulations, however, allow for at least 60 working days for the completion of responses at this level of review. Cal. Code Regs. tit. 15, § 3084.8(c)(3). By implication then, plaintiff concedes that he did not provide CDCR with the opportunity to respond to his grievance before initiating suit. Thus, it appears from the face of plaintiff's complaint that he has prematurely filed suit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'")

Therefore, plaintiff will be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc).

Accordingly, IT IS HEREBY ORDERED

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith
3. Plaintiff's request for appointment of counsel (ECF No. 11) is denied without prejudice.

/////
/////
/////

3

4. Plaintiff shall file a response to this order within 30 days, showing cause as to why this case should not be dismissed for his failure to exhaust administrative remedies before filing suit.[1] Failure to respond to this order will result in a recommendation of dismissal.

DATED: October 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of this order, the court defers ruling on plaintiff's pending motions for injunctive relief and transfer. ECF Nos. 2, 7.